IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JERELL WALKER,

                Plaintiff

VS.                             NO. 5:06-CV-26 (HL)

CAROLYN V. SULLIVAN, *et al.*,

                Defendants      PROCEEDINGS UNDER 42 U.S.C. §1983
                                            BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Defendant CAROLYN V. SULLIVAN has filed a motion seeking summary judgment against the plaintiff in the above-styled case. Tab #24. Despite being advised of his duty to respond to defendant Sullivan's motion (Tab #26), the plaintiff has failed to do so. However, it is the obligation of the court to ensure that the standards for summary judgment are met.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tab #44), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

The plaintiff has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in defendant's motion and other pleadings and further finds that there is no genuine dispute on any issues raised by plaintiff.

The plaintiff alleges that defendant Sullivan denied him due process of law in connection with her duties as clerk of the Superior Court of Houston County. However, his claims are not substantiated by the evidence in the record. Defendant Sullivan has submitted a brief and other evidence in support of her position. (Tab #24). This evidence, including requests for admission that Sullivan sent to the plaintiff to which the plaintiff did not respond and therefore admits pursuant to Rule 36 of the Federal Rules of Civil Procedure[1], shows that Sullivan did not violate the plaintiff's constitutional rights.

---

[1] Rule 36, which is clearly cited in Sullivan's request for admission, unambiguously states: "The [subject of a request for admission] is admitted unless, within 30 days after service of the request. . .the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. . .."

The plaintiff has no personal knowledge of any act or omission by defendant Sullivan for which he seeks to hold her liable in this action. Defendant Sullivan's First Request for Admissions, Tab #24-2 at ¶2. Additionally, the case at bar is barred by the doctrine of *res judicata*, as in a previous case in state court involving the same issues, the matter resulted in adjudication on the merits in favor of defendant Sullivan against the plaintiff. Tab #24-2 at ¶¶5-8.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #24) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him and at the following address:

>JERELL WALKER
>36 Bushwood Drive
>Pooler, GA 31322

SO RECOMMENDED this 16th day of FEBRUARY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE